UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
AAA WHOLESALERS DISTRIBUTION, LLC, )
et al.,                            )
          Plaintiffs,              )
                                   )
     v.                            )   C.A. No. 18-542 WES
                                   )
TROPICAL CHEESE INDUSTRIES, INC.,  )
                                   )
          Defendant.               )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is a Report and Recommendation ("R. & R.") filed by Magistrate Judge Patricia A. Sullivan, ECF No. 21, and a subsequent Motion to Amend the Complaint filed by Plaintiffs, ECF No. 23, to which there have been objections. In the R. & R., Magistrate Judge Sullivan recommends that Counts I and II of Plaintiffs' Complaint be dismissed. For the reasons set forth in this Memorandum and Order, the R. & R. is ACCEPTED and ADOPTED in full, and Plaintiffs' Motion to Amend the Complaint is DENIED.

I. Background and Travel

This dispute involves competing businesses engaged in the sale of dairy products. Compl. ¶ 12. It is the second case involving these parties before this Court.[1] Id. ¶ 14. In the

---

[1] As Magistrate Judge Sullivan explained, in the first case (referred to as <u>Tropical I</u>), Defendant Tropical Cheese Industries,

matter currently pending, Plaintiffs AAA Wholesalers Distribution, LLC ("AAA") and Arismendy Disla, AAA's owner and president, assert four claims against Defendant Tropical Cheese Industries, Inc. ("Tropical"): (1) Defamation/False Light; (2) Intentional Infliction of Emotional Distress; (3) Tortious Intentional Interference with a Contractual Relationship; and (4) Abuse of Process. Id. ¶¶ 3, 24–55.

Defendant filed a Motion to Dismiss Counts I and II of the Complaint, ECF No. 11.[2] That motion was referred to Magistrate Judge Sullivan for initial review; she recommended the Court grant Defendant's motion as to both counts. R. & R. 14. Plaintiffs filed both an objection to the R. & R. ("Pls.' Obj. to R. & R."), ECF No. 22, and a Motion to Amend the Complaint. Defendant objects to Plaintiffs' Motion to Amend. See Mem. of Law in Opp'n to Pls.' Mot. to Amend ("Def.'s Opp'n to Mot. to Amend"), ECF No. 24.

II. Discussion

Many of Plaintiffs' arguments in their Objection to the R. & R. mirror arguments made in the Motion to Amend. This Court will

---

Inc. sued Plaintiff AAA Wholesalers Distribution, LLC and an employee of AAA for breach of contract, unfair competition, and tortious interference. R. & R. 1-2. That action was voluntarily dismissed. Id. at 2.

[2] Defendant initially argued that Count IV should be dismissed, as well, but did not further pursue that argument. R. & R. 2 n. 2.

first address Plaintiffs' arguments related to the substantive findings in the R. & R., and then turn to Plaintiffs' Motion to Amend.

A. Objections to the R. & R.

The Court conducts a de novo review of the parts of the R. & R. to which proper objections have been filed. Sigui v. M + M Communications, Inc., 310 F. Supp. 3d 313, 315 n.1 (D.R.I. 2018); Fed. R. Civ. P. 72(b)(3).

1. Count I – Defamation/False Light

As to Count I, Magistrate Judge Sullivan determined that Plaintiffs' allegations were insufficient to adequately allege a claim for defamation or false light, save for one limited exception.[3] R. & R. 9. She further determined that, in any event, the defamation claim is time barred by Rhode Island's one-year statute of limitations for "words spoken" actions as outlined in

---

[3] Magistrate Judge Sullivan found that the Plaintiffs' allegation in ¶ 16 of the Complaint – that Defendants told customers about Tropical I in an effort to prevent them from doing business with AAA – could plausibly state a defamation claim as to AAA. R. & R. 9 n.7. Plaintiffs challenge this determination insofar as it finds that Disla does not have standing to assert a defamation claim based on this allegation because, Plaintiffs argue, "there was no practical difference" between Disla and AAA. Pls.' Obj. to R. & R. 1-2. The Court agrees with Magistrate Judge Sullivan's determination that Disla cannot plausibly allege a defamation claim based on this allegation and therefore overrules the objection. See R. & R. 9 n.7.

3

R.I. Gen. Laws § 9-1-14(a). Id. at 10-11. In making this determination, Magistrate Judge Sullivan rejected Plaintiffs' argument that the continuing tort doctrine applies. Id. at 12.

Plaintiffs primarily take issue with Magistrate Judge Sullivan's conclusion that a one-year statute of limitations applies in this case, thus barring the defamation claim asserted in Count I. Pls.' Obj. to R. & R. 2. Plaintiffs argue that the malicious filing of a complaint in Tropical I constitutes written defamation subject to a three-year statute of limitations under Rhode Island law. Id. at 2.

This argument is unavailing. First, the Complaint contains no assertions — including those addressing the Tropical I complaint[4] - which may fairly be read as alleging written defamation. See generally Compl. ¶¶ 7-32. Furthermore, even assuming the Tropical I complaint contained defamatory statements, those allegations would be subject to an absolute privilege under Rhode Island law and therefore not actionable.[5] Ims v. Town of

---

[4] The allegations here state only that the Tropical I complaint was "filed" in September of 2015. Compl. ¶ 14. Plaintiffs fail to allege any additional details of the Tropical I complaint.

[5] Additionally, as Defendant points out, it appears that Plaintiffs failed to present this argument to Magistrate Judge Sullivan. Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."); see

4

Portsmouth, 32 A.3d 914, 927 (R.I. 2011) (recognizing that Rhode Island law affords an absolute privilege to "certain communications in connection with judicial proceedings") (citing Vieira v. Meredith, 123 A.2d 743, 744 (R.I. 1956) ("[L]ibelous matter in pleadings filed in judicial proceedings are absolutely privileged where the statements are material, pertinent or relevant to the issues therein[.]"). Consequently, the Court agrees with Magistrate Judge Sullivan that a one-year statute of limitations for actions based on "words spoken" applies in this case, and that the defamation claim in Count I should be dismissed.

Plaintiffs' next reiterate their argument that the continuing tort doctrine applies to save the claims from the statute of limitations bar in this case. Pls.' Obj. to R. & R. 3. The Court agrees with Judge Sullivan's analysis of the case law and thus overrules Plaintiffs' objection. See R. & R. 12; Boudreau v. Automatic Temperature Controls, Inc., 212 A.3d 594, 602-03 (D.R.I. 2019) (noting that Rhode Island has only applied the continuing tort doctrine once and that the doctrine has not applied in cases where the underlying conduct is considered a "discrete act"); see also Murphy v. Maine, No. CV-06-62-B-W, 2006 WL 2514012, at *5 (D. Me. Aug. 29, 2006) ("Repeated defamations do not constitute a

---

Def.'s Mem. of Law in Resp. to Pls.' Objs. to the Magistrate's R. & R. 6.

continuing tort; rather, as courts have uniformly recognized, each separate defamatory statement itself constitutes a separate and distinct cause of action.") (internal citation omitted).

The Court agrees with Magistrate Judge Sullivan's determination that the allegations in Count I fail to plausibly state a claim under the Twombly/Iqbal standard and must be dismissed. See R. & R. 9.

    2. Count II – Intentional Infliction of Emotional Distress

As to Count II, Magistrate Judge Sullivan determined that the Complaint fails to plead an essential element of an intentional infliction of emotional distress claim - physical symptoms. R. & R. 14. In a footnote, Magistrate Judge Sullivan also notes that although the parties did not directly address this factor, Count II would additionally fail because the Complaint does not plausibly allege outrageous or extreme conduct. Id. at 14 n.10.

Plaintiffs concede that the Complaint is deficient with respect to allegations of physical symptoms, but object to the finding that it is devoid of facts plausibly suggesting that Tropical engaged in extreme or outrageous conduct. Pl. Obj. to R. & R. 4-5. After careful review of the Complaint, the Court agrees with Magistrate Judge Sullivan on this point, and therefore accepts and adopts her recommendation that Count II also be dismissed based

6

on this deficiency.

B. Motion to Amend

Plaintiffs seek to amend the Complaint to correct the deficiencies in Counts I and II as set forth in the R. & R. Defendant argues that Plaintiffs' Motion to Amend should be denied because (1) it is untimely; (2) Defendant would be unfairly prejudiced; and (3) the amendment would be futile. Def.'s Opp'n to Mot. to Amend 5, 8, 9.

Under Federal Rule of Civil Procedure 15, "[l]eave to amend must be 'freely given when justice so requires.'" Doe v. Brown University, 210 F. Supp. 3d 310, 345 (D.R.I. 2016)(quoting Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006)); Fed. R. Civ. P. 15(a). However, a court may deny a motion to amend where there has been "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed," or would be "undue prejudice to the opposing party . . .[or] futility of amendment." Kader v. Sarepta Therapeutics, Inc., 887 F.3d 48, 60 (1st Cir. 2018) (quoting ACA Financial Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Rife v. One West Bank, F.S.B., 873 F.3d 17, 21 (1st Cir. 2017) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir.

1996)). Further, "[w]hile the rule reflects a liberal amendment policy . . . the district court enjoys significant latitude in deciding whether to grant leave to amend." Kader, 887 F.3d at 60-61 (internal citation and brackets omitted).

Taking the futility argument first, Defendant contends that the claims asserted in Count I remain time barred because the proposed factual allegations do not allege misconduct by Tropical within one year of the filing of the Complaint. Def.'s Opp'n to Mot. to Amend 10. The Court agrees. As explained above, a one-year statute of limitations applies for actions stemming from "words spoken."[6] R.I. Gen. Laws § 9-1-14(a). The proposed Amended

---

[6] In the absence of specific guidance on the statute of limitations for Disla's false light claim under R.I. Gen. Laws § 9-1-28.1(a)(4), the Court finds that the same one-year bar would apply. Where not clearly defined by statute, many courts have applied the same statute of limitations for false light and defamation claims. See Gashgai v. Leibowitz, 703 F.2d 10, 13 (1st Cir. 1983) (quoting Uhl v. Columbia Broadcasting Sys., 476 F. Supp. 1134, 1137 (W.D. Pa. 1979)); see also Gannett Co. v. Anderson, 947 So. 2d 1, 8 (Fla. Dist. Ct. App. 2006) ("To the extent that false light invasion of privacy overlaps defamation, it must be treated the same way. Otherwise, the relatively short statute of limitations and other strict requirements in the law of defamation would have no effect at all."). Indeed, the Rhode Island Supreme Court has recognized the intersection of these two claims in certain contexts so as not to allow a "plaintiff the undesirable option of evading the limitations of a successful defamation action by using the alternate theory of a false-light claim." Cullen v. Auclair, 809 A.2d 1107, 1112 (R.I. 2002). Here, Disla's purported false light claim in the Proposed Amended Complaint is also based solely on "words

8

Complaint adds allegations of statements dating back most recently to November 2016, more than one year before Plaintiffs filed the Complaint on September 28, 2018. See Proposed Am. Verified Compl. ¶ 15, ECF No. 23-2. Accordingly, allowing amendment to include allegations related to Count I of the complaint would be futile.

Defendant also argues that Plaintiffs' Motion to Amend should be denied as to Count II (intentional infliction of emotional distress) because the proposed Amended Complaint pleads no facts which could render a determination that Defendant engaged in extreme or outrageous behavior. Def.'s Opp'n to Mot. to Amend 11-12. Therefore, Defendant contends, amendment would be futile. Id.

The proposed Amended Complaint would cure the initial deficiency discussed by Magistrate Judge Sullivan: allegations of physical symptoms. See R. & R. 13-14; Proposed Am. Verified Compl. ¶ 39. However, after careful review, the Court finds the allegations in the proposed Amended Complaint insufficient to plausibly allege the extreme or outrageous conduct element of intentional infliction of emotional distress. See Gross v. Pare,

---

spoken" and allegedly occurred more than one year before the Complaint was filed. See Proposed Am. Verified Compl. ¶¶ 15, 20, 23, ECF No. 23-2.

185 A.3d 1242 (R.I. 2018) (quoting Restatement(Second) of Torts § 46 cmt. d)("[T]here is nothing in the record that suggests that any conduct by any defendant was so extreme or outrageous such that it was 'beyond all possible bounds of decency'; 'utterly intolerable in a civilized community'; or would lead someone to exclaim 'Outrageous!'").[7]  Therefore, amendment to Count II of the complaint would also be futile.

III. Conclusion

For the reasons stated in this Memorandum and Order, the R. & R., ECF No. 21, is ACCEPTED and ADOPTED in full.  Plaintiffs' Motion to Amend the Complaint, ECF No. 23, is DENIED.  Accordingly, Counts I and II of Plaintiffs' Complaint shall be dismissed.

IT IS SO ORDERED.

/s/ W E Smith
William E. Smith
District Judge
Date: February 5, 2020

---

[7] As the Court has determined that amendment would be futile, it need not discuss whether the Motion to Amend is untimely or would unduly prejudice Defendant.